IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH & BEVERLY RAYMER | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 1:19-cv-00197 |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § | (JURY) |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation *incorrectly sued as Liberty Mutual Insurance Company* ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 128th District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support thereof shows as follows:

**A.     Introduction**

1.     Plaintiffs Joseph and Beverly Raymer ("Plaintiffs") commenced this lawsuit against Defendant in the 128th District Court of Orange County, Texas, by filing their Original Petition on or about March 3, 2019.  Plaintiffs served the Original Petition on Defendant on March 25, 2019.  A true and correct copy of the Plaintiffs' Original Petition and Notice of Service or Process and Plaintiffs' First Amended Petition are attached hereto as Exhibit "A."  A true and correct copy of Defendant's Answer to Plaintiffs' Original Petition, Defendant's Special Exceptions to Plaintiffs' Original Petition, and Defendant's Jury Demand filed on April 12, 2019 is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract, statutory insurance code violations, deceptive trade practices violations, breach of duty of good faith and fair dealing, fraud, treble/punitive damages and recovery of attorney's fees resulting from the alleged conduct of Defendant. Plaintiffs' claims arise under a homeowner's policy of insurance issued by Defendant on real and personal property owned by Plaintiffs, located in Orange County, Texas, which is alleged to have been damaged by Hurricane Harvey. Plaintiffs allege Defendant underpaid the claim and otherwise failed to properly investigate and adjust the claim.

**B.     Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

6. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, although Plaintiffs state they are suing for monetary relief of less than $75,000, they fail to include a stipulation or affidavit to that effect. The face of

the Plaintiffs' pleading will not control if made in bad faith. The inquiry does not end merely because the Plaintiffs allege damages below the threshold. Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, Plaintiffs can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint. *Id.* See also *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiffs have done neither.

7. Texas law simply does not permit a Plaintiff to plead that they seek damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiffs cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

8. If a Defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the Plaintiffs must be able to show that, as a matter of law, it is certain that they will not be able to recover more than the damages for which they have prayed in the state court complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

9. To support the allegation that the amount in controversy exceeds $75,000.00, the Defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The Defendant may also rely on

the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10. In their Petition, Plaintiffs allege damages to their residential home in the approximate amount of $45,000.00. The estimate relied upon by Plaintiffs is in the amount of $45,966.77. See attached estimate on behalf of Plaintiffs at Exhibit "C." Defendant has made payment to Plaintiffs in the amount of $3,915.23. In addition, Plaintiffs' pleading states that they are also seeking:

(a) Attorney's fees. (See paragraphs 40, 41, 42, 44 and 45 of the Petition).

(b) Mental anguish. (See paragraph 41 of the Petition).

(c) Treble damages, "Plaintiffs ask for three times their actual damages." (See paragraph 41 of the Petition).

(d) 10% of Plaintiff's actual claim per annum due to Defendants' alleged noncompliance with Texas Insurance Code, Prompt Payment of Claims. (See paragraph 42 of the Petition).

(e) Additional costs, economic hardship, loses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress. (See paragraph 43 of the Petition).

11. Further, Plaintiffs make an allegation in paragraph 17 of their Petition that indicates they seek damages in excesses of the alleged actual damages pled in the Petition and rather consistent with payment under the Policy, *i.e.*, "in an amount sufficient to cover the damaged Property". In any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $129,600.00 for the Dwelling. See Exhibit "D".

12. It is clear the types of damage Plaintiffs are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction. Plaintiffs specifically request treble damages which would equal ($45,966.77 x 3) $137,900.31. Not included in this amount is Plaintiffs' claim that they sustained consequential damages (that should also be trebled), attorney fees through trial and appeal, 10% penalty, mental anguish damages, damages for emotional distress and exemplary damages.

13. Assuming the Plaintiffs seek at least double the damages for mental anguish, and as little as $20,000.00 for attorney fees, the amount in controversy far exceeds $75,000.00. This does not include anything for the alleged consequential damages alleged by the Plaintiffs.

| Claim for Damages | Plaintiffs' Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $45,966.77 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $137,900.31 |
| 10 percent penalty for violations of the Insurance Code | $4,596.68 for one year |
| Attorney's Fees | $20,000.00 |

| Mental Anguish | $45,966.77 (assuming an award of at least actual is requested) |
|---|---|
| Consequential Damages | Unknown |
| **Total To Date:** | **$254,430.53** |

14. For these reasons, Defendant believes it is reasonably clear that the amount in controversy far exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

15. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

16. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 128th District Court of Orange County, Texas pursuant to 28 U.S.C. § 1446(d).

17. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

18. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and Eastern District Federal Court local Rule CV-38(a).

19. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Insurance Corporation hereby removes the above-captioned matter, now pending in the 128th District Court of Orange County, to the United States District Court for the Eastern District of Texas, Beaumont Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:     /s/ *J. Mark Kressenberg*
    J. Mark Kressenberg
    jkressenberg@sheehyware.com
    Fed. Adm. No. 7793
    Texas State Bar No. 11725900
    Edward C. Kiss
    ekiss@sheehyware.com
    Southern District of Texas Bar No. 1099641
    Texas State Bar No. 24064284
    909 Fannin Street
    Two Houston Center
    Suite 2500
    Houston, Texas 77010-1003
    713-951-1000 Telephone
    713-951-1199 Telecopier

    **ATTORNEYS FOR THE DEFENDANT**
    **LIBERTY INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on April 23, 2019 to the following counsel of record:

    John Cash Smith
    Christopher S. Smith
    Smith Law Firm PLLC
    1006 Green Avenue
    Orange, Texas 77630
    409-886-7766 - facsimile
    johncash@smithlawfirmtx.com
    chris@smithlawfirmtx.com

                                            /s/ *J. Mark Kressenberg*
                                                J. Mark Kressenberg

3446296