

# Notice of Service of Process

null / ALL
**Transmittal Number: 19554124**
**Date Processed: 03/26/2019**

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| Entity: | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| Entity Served: | Liberty Mutual Insurance Company |
| Title of Action: | Joseph Raymer vs. Liberty Mutual Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Orange County District Court, TX |
| Case/Reference No: | A190079-C |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 03/25/2019 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | John Cash Smith<br>409-886-7766 |
| Enclosures: | Original Attachment Pending:<br>Check |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT
A

**John Cash Smith**
Board Certified
**Personal Injury Trial Law**
Texas Board of Legal Specialization
Civil Trial Advocate
National Board of Trial Advocacy
johncash@smithlawfirmtx.com



Christopher S. Smith

John Cash Smith
of Counsel

Ledena Howard
NALA Certified Paralegal

March 19, 2019

COMMISSIONER OF INSURANCE
Chief Clerk Office
333 Guadalupe
MC 113-2A,
P. O. Box 149104
Austin, TX 78714

**Re:  *Cause No. A190079-C; Joseph & Beverly Raymer vs. Liberty Mutual Insurance Company, in the 128th Judicial District Court of Orange County, Texas***

Dear Commissioner of Insurance:

Please forward the process or a true copy to:

Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Our check is enclosed payable to Texas Department of Insurance in the amount of $50.00 for the fee.

Thank you for your assistance.

Sincerely,

John Cash Smith

JCS:lh
Enclosures

CIVIL CITATION – CITCVWD

MAR 2 5 2019

DELIVERED THIS ____ DAY OF _____ 20____
CARLOS B. LOPEZ
THE STATE OF TEXAS Constable, Pct. 5, TRAVIS COUNTY, TEXAS
BY: _____

~ DEPUTY

**To:**   Liberty Mutual Insurance Company
Corporation Service Company
211 East 7th Streetm Suite 620
Austin TX  78701

By Serving the Commissioner of Insurance

Defendant, NOTICE:
**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said ANSWER may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said   <u>**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**</u>

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave,  Orange, Texas on March 8, 2019 in the following styled and numbered cause:

Cause No: 190079-C

Joseph Raymer  Et Ux  VS.  Liberty Mutual Insurance Company

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
**John Cash Smith**
**1006 Green Avenue**
**Orange TX  77630**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this March 19, 2019.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

**RETURN**
Came to hand on the _____ day of _____, 20____, at _____ o'clock_____, M., and executed in _____ County, Texas, at _____ o'clock _____.M., on the _____ day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____ In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____   Carlos B. Lopez
the cause of failure to execute is _____   Constable Pct. 5, Travis County, Texas
the defendant may be found _____

TOTAL FEES: _____   BY: _____

FILED: 3/8/2019 3:11 PM
Vickie Edgerly, District Cle
Orange County, Texas
Reviewed By: Denise Smitl

CAUSE NO. A190079-C

| | | |
|---|---|---|
| JOSEPH & BEVERLY RAYMER | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | ORANGE COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | 128th JUDICIAL DISTRICT |
| COMPANY | § | |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now JOSEPH and BEVERLY RAYMER ("Plaintiffs") and file

this Plaintiffs' Original Petition, complaining of LIBERTY MUTUAL

INSURANCE COMPANY, and for cause of action, Plaintiffs would respectfully

show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery on a Level III discovery plan and will

file an agreed scheduling order with the Court as soon as is reasonably practical.

### PARTIES

2.     Plaintiffs, JOSEPH and BEVERLY RAYMER, are individuals residing in

Orange, Texas.

3.   Defendant LIBERTY MUTUAL INSURANCE COMPANY is an Ohio

insurance company engaged in the business of insurance in Texas. The causes of

action asserted arose from or are connected with purposeful acts committed by this

defendant. This defendant may be served with process by serving the

Commissioner of Insurance. The mailing address for service on the Commissioner

of Insurance is:

>           Chief Clerk Office
>           333 Guadalupe
>           MC 113-2A, P.O. Box 149104
>           Austin, Texas 78714-9104.

Plaintiffs requests that the District Clerk include two copies of the documents to be

served in the service on the Commissioner of Insurance and a check in the amount

of $50.00 from the law firm representing Plaintiffs payable to the Texas

Department of Insurance for its fee.

Following service upon the Commissioner of Insurance, Plaintiffs request the

Commissioner of Insurance to forward the process or a true copy to: Corporation

Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION

4.   The court has jurisdiction over the cause of action because the amount in

controversy is within the jurisdictional limits of the court.

5.   The court has jurisdiction over Defendant LIBERTY MUTUAL

INSURANCE COMPANY because this defendant is engaged in the business of

insurance in the State of Texas and Plaintiffs' causes of action arise from this defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Orange County, Texas, because the insured property is situated in Orange County, Texas (TEX.CIV. PRAC. & REM. CODE §15.032) and because all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County (TEX.CIV. PRAC. & REM. CODE §15.002).

7.     Plaintiffs are seeking monetary relief over $45,000 but not more than $75,000.   If circumstances reveal otherwise, Plaintiffs will amend their petition to so reflect.  Plaintiffs will submit this case to the trier of fact for a fair, equitable and just amount of compensation.

## NOTICE

8.     The Plaintiffs have met all notice requirements to the Defendant LIBERTY MUTUAL INSURANCE COMPANY, as required by the Texas Insurance Code.

## FACTS AND CAUSES OF ACTION

9.     Plaintiffs are the owner of an insurance policy No. H37-298-109003-7077 (hereinafter referred to as "the Policy"), which was issued by Defendant LIBERTY MUTUAL INSURANCE COMPANY.

10.    Plaintiffs own the insured property, which is specifically located at 123

Amaryllis St., Orange, Texas 77630, Orange County, Texas, (hereinafter referred to as "the Property").

11.     Defendant LIBERTY MUTUAL INSURANCE COMPANY sold the Policy, insuring the Property, to Plaintiffs.

12.     On or about August 25, 2017, in the late evening going into the early morning hours of August 31, 2017, Hurricane Harvey struck Orange County, Texas, causing severe damage to homes and businesses throughout the Gulf Coast Region of Texas, including Plaintiffs' property.

13.     As a result of the storm, Plaintiffs filed an insurance claim with LIBERTY MUTUAL INSURANCE COMPANY for the damages to their property caused by Hurricane Harvey covered under the Policy.

14.     Plaintiffs submitted a claim to LIBERTY MUTUAL INSURANCE COMPANY under the Policy for all roof damage, ceiling damage, wall damage, water and moisture damage, ductwork damage, wind damage, and damage to the structure of the property sustained as a result of Hurricane Harvey.

15.     Plaintiffs asked that LIBERTY MUTUAL INSURANCE COMPANY cover the cost of all repairs necessary to restore her Property pursuant to the Policy. LIBERTY MUTUAL INSURANCE COMPANY assigned Richard Ybarra and Greg Mitchell, as the individual adjusters and/or claims handlers.

16.     As detailed herein below, LIBERTY MUTUAL INSURANCE COMPANY

wrongfully denied Plaintiffs' claim for repairs of the Property, even though the

Policy provided coverage for losses such as those suffered by Plaintiffs.

Additionally, LIBERTY MUTUAL INSURANCE COMPANY continues to deny

the payment of the damages to the Property. As such, Plaintiff has not been paid in

full for the damages to their property. Plaintiffs' damages to their property are

believed to be approximately $45,000.

17.     Defendant LIBERTY MUTUAL INSURANCE COMPANY and its

employee adjusters failed to perform their contractual duties to adequately

compensate Plaintiffs under the terms of the Policy. Specifically, LIBERTY

MUTUAL INSURANCE COMPANY refused and continues to refuse to pay the

proceeds under the Policy, although due demand was made for proceeds to be paid

in an amount sufficient to cover the damaged property and all conditions precedent

to recovery upon the Policy had been carried out and accomplished by Plaintiffs.

LIBERTY MUTUAL INSURANCE COMPANY'S conduct constitutes a breach

of the insurance contract between LIBERTY MUTUAL INSURANCE

COMPANY and Plaintiffs.

18.     Defendant LIBERTY MUTUAL INSURANCE COMPANY and its

employee adjusters misrepresented to Plaintiffs that the damage to the Property

was not covered under the Policy, even though the damage was caused by a

covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19.     Defendant LIBERTY MUTUAL INSURANCE COMPANY and its employee adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(2)(A).

20.     Defendant LIBERTY MUTUAL INSURANCE COMPANY and its employee adjusters failed to explain to Plaintiff the reasons for their denial of their claim. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without a proper explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide an adequate explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant LIBERTY MUTUAL INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an

outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendant LIBERTY MUTUAL INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX.INS.CODE §542, Subchapter B (including Sections 542.055, 542.056, 542.058).

23.     From and after the time Plaintiffs' claim was presented to Defendant LIBERTY MUTUAL INSURANCE COMPANY, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear had an adequate investigation been made. However, Defendant has refused and continues to refuse to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.    Defendant LIBERTY MUTUAL INSURANCE COMPANY knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

25.    As a result of Defendant LIBERTY MUTUAL INSURANCE COMPANY and its employee adjusters' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

26.    Plaintiffs' experience regarding their claim with Defendant LIBERTY MUTUAL INSURANCE COMPANY is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

27.    Defendant LIBERTY MUTUAL INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060. All violations under this article are made actionable by TEX.INS.CODE §541.151.

28.    The unfair settlement practices of Defendant LIBERTY MUTUAL INSURANCE COMPANY and its employee adjusters as described above, of

failing to promptly provide Plaintiffs with a reasonable explanation of the basis in

the Policy, in relation to the facts or applicable law, for the offer of a compromise

settlement of Plaintiffs' claim, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.

29.     Defendant is liable to Plaintiffs for common law fraud.

30.     Each and every one of the representations, as described above, concern

material facts and were relied upon by Plaintiffs to their detriment. Defendant

LIBERTY MUTUAL INSURANCE COMPANY and its employee adjusters knew

the representations were false or made recklessly without any knowledge of their

truth as a positive assertion.

31.     The statements were made with the intention that they should be acted upon

by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing

Plaintiffs to suffer injury and constituting common law fraud.

32.     Defendant LIBERTY MUTUAL INSURANCE COMPANY and its

employee adjusters are liable to Plaintiffs for conspiracy to commit fraud.

Defendant LIBERTY MUTUAL INSURANCE COMPANY and its employee

adjusters were a member of a combination of two or more persons whose object

was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In

reaching a meeting of the minds regarding the course of action to be taken against

Plaintiffs, Defendant LIBERTY MUTUAL INSURANCE COMPANY and its

employee adjusters committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

33.     Defendant LIBERTY MUTUAL INSURANCE COMPANY is liable to Plaintiffs for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

34.     Defendant LIBERTY MUTUAL INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between Defendant LIBERTY MUTUAL INSURANCE COMPANY and Plaintiffs.

35.     Defendant LIBERTY MUTUAL INSURANCE COMPANY's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant LIBERTY MUTUAL INSURANCE COMPANY's insurance contract with Plaintiffs.

36.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

37.     Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38.     LIBERTY MUTUAL INSURANCE COMPANY is vicariously liable for the actions of its contractor engineers, EFI Global, Inc.

39.     As previously mentioned, the damages caused by Hurricane Harvey rendered Plaintiffs' property substantially damaged.  Plaintiffs have attempted to mitigate their damages, but their damages have not been properly addressed or repaired since the storm due to LIBERTY MUTUAL INSURANCE COMPANY's failure to pay for the repairs, causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant LIBERTY MUTUAL INSURANCE COMPANY's mishandling of Plaintiffs; claim in violation of the laws set forth above.

40.     For breach of contract, Plaintiffs is entitled to regain the benefit of her bargain, which is the amount of their claim, together with attorney fees, penalties and interest.

41.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs asks for three times their actual damages.

42.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as ten (10%) percent interest per annum of the amount of such claim as damages, together with attorney's fees.

43.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

44.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

45.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### Jury Demand

46.     Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas.  Plaintiffs previously tendered the appropriate jury fee.

### REQUESTS FOR DISCLOSURE TO DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

47      Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant LIBERTY MUTUAL INSURANCE COMPANY disclose within

fifty (50) days of the service of this request the information or material
described in Rule 194.2 (a) - (l).

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant
be cited to appear and answer, and upon trial hereof, Plaintiffs have and recovers
such sums as would reasonably and justly compensate Plaintiffs in accordance with
the rules of law and procedure, both as to actual damages, treble damages under the
Texas Insurance Code and all punitive and exemplary damages as may be found.
In addition, Plaintiffs request the award of attorney's fees for the trial and any
appeal of this case, for all costs of court in their behalf expended, for prejudgment
and postjudgment interest as allowed by law, and for any other and further relief,
either at law or in equity, to which Plaintiffs may show themselves to be justly
entitled.

Respectfully submitted,

SMITH LAW FIRM, PLLC

By_____

John Cash Smith
State Bar No. 18628000
Christopher S. Smith
State Bar No. 24002960
1006 Green Avenue
Orange, TX 77630
(409) 886-7766
FAX (409) 886-7790
Johncash@smithlawfirmtx.com
Chris@smithlawfirmtx.com

ATTORNEY FOR PLAINTIFFS

CAUSE NO. A190079-C

| | | |
|---|---|---|
| JOSEPH & BEVERLY RAYMER | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | ORANGE COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | 128th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now JOSEPH and BEVERLY RAYMER ("Plaintiffs") and file this Plaintiffs'

First Amended Original Petition, complaining of LIBERTY INSURANCE CORPORATION

(previously incorrectly sued as Liberty Mutual Insurance Company), herein after referred to as

"LIBERTY INSURANCE" and for cause of action, Plaintiffs would respectfully show this

Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery on a Level III discovery plan and will file an agreed

scheduling order with the Court as soon as is reasonably practical.

### PARTIES

2.      Plaintiffs, JOSEPH and BEVERLY RAYMER, are individuals residing in Orange, Texas.

3.      Defendant LIBERTY INSURANCE CORPORATION is a foreign insurance company

engaged in the business of insurance in Texas.  The causes of action asserted arose from or are

connected with purposeful acts committed by this defendant.  This defendant has made an

appearance before the Court in this matter. This amended petition is being served on Defendant's

attorney of record in this cause, J. Mark Kressenberg and Edward C. Kiss, SHEEHY, WARE &

PAPPAS, P.C., 2500 Two Houston Center, 909 Fannin, Houston, TX 77010.

## JURISDICTION

4.     The court has jurisdiction over the cause of action because the amount in controversy is

within the jurisdictional limits of the court.

5.     The court has jurisdiction over Defendant LIBERTY INSURANCE because this defendant

is engaged in the business of insurance in the State of Texas and Plaintiffs' causes of action arise

from this defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Orange County, Texas, because the insured property is situated in

Orange County, Texas (TEX.CIV. PRAC. & REM. CODE §15.032) and because all or a

substantial part of the events or omissions giving rise to the claim occurred in Orange County

(TEX.CIV. PRAC. & REM. CODE §15.002).

7.     Plaintiffs are seeking monetary relief over $45,000 but not more than $75,000.   If

circumstances reveal otherwise, Plaintiffs will amend their petition to so reflect.  Plaintiffs will

submit this case to the trier of fact for a fair, equitable and just amount of compensation.

## NOTICE

8.     The Plaintiffs have met all notice requirements to the Defendant LIBERTY INSURANCE,

as required by the Texas Insurance Code.

## FACTS AND CAUSES OF ACTION

9.     Plaintiffs are the owner of an insurance policy No. H37-298-109003-7077 (hereinafter

referred to as "the Policy"), which was issued by Defendant LIBERTY INSURANCE.

10.     Plaintiffs own the insured property, which is specifically located at 123 Amaryllis St.,

Orange, Texas 77630, Orange County, Texas, (hereinafter referred to as "the Property").

11.     Defendant LIBERTY INSURANCE sold the Policy, insuring the Property, to Plaintiffs.

12.     On or about August 25, 2017, in the late evening going into the early morning hours of

August 31, 2017, Hurricane Harvey struck Orange County, Texas, causing severe damage to homes

and businesses throughout the Gulf Coast Region of Texas, including Plaintiffs' property.

13.     As a result of the storm, Plaintiffs filed an insurance claim with LIBERTY INSURANCE

for the damages to their property caused by Hurricane Harvey covered under the Policy.

14.     Plaintiffs submitted a claim to LIBERTY INSURANCE under the Policy for all roof

damage, ceiling damage, wall damage, water and moisture damage, ductwork damage, wind

damage, and damage to the structure of the property sustained as a result of Hurricane Harvey.

15.     Plaintiffs asked that LIBERTY INSURANCE cover the cost of all repairs necessary to

restore her Property pursuant to the Policy.  LIBERTY INSURANCE  assigned Richard Ybarra

and Greg Mitchell, as the individual adjusters and/or claims handlers.

16.     As detailed herein below, LIBERTY INSURANCE wrongfully denied Plaintiffs' claim for

repairs of the Property, even though the Policy provided coverage for losses such as those suffered

by Plaintiffs.  Additionally, LIBERTY INSURANCE continues to deny the payment of the

damages to the Property.  As such, Plaintiff has not been paid in full for the damages to their

property.  Plaintiffs' damages to their property are believed to be approximately $45,000.

17.     Defendant LIBERTY INSURANCE and its employee adjusters failed to perform their

contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically,

LIBERTY INSURANCE refused and continues to refuse to pay the proceeds under the Policy,

although due demand was made for proceeds to be paid in an amount sufficient to cover the

damaged property and all conditions precedent to recovery upon the Policy had been carried out
and accomplished by Plaintiffs.   LIBERTY INSURANCE'S conduct constitutes a breach of the
insurance contract between LIBERTY INSURANCE and Plaintiffs.

18.     Defendant LIBERTY INSURANCE and its employee adjusters misrepresented to Plaintiffs
that the damage to the Property was not covered under the Policy, even though the damage was
caused by a covered occurrence.  Defendant's conduct constitutes a violation of the Texas
Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

19.     Defendant LIBERTY INSURANCE and its employee adjusters failed to make an attempt to
settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs
under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair
Settlement Practices.  TEX. INS. CODE. §541.060(a)(2)(A).

20.     Defendant LIBERTY INSURANCE and its employee adjusters failed to explain to Plaintiff
the reasons for their denial of their claim.  Specifically, Defendant failed to offer Plaintiffs
adequate compensation, without a proper explanation why full payment was not being made.
Furthermore, Defendant did not communicate that any future settlements or payments would be
forthcoming to pay for the entire losses covered under the Policy, nor did they provide an adequate
explanation for the failure to adequately settle Plaintiffs' claim.  Defendant's conduct is a violation
of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

21.     Defendant LIBERTY INSURANCE refused to fully compensate Plaintiff, under the terms
of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically,
Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a
biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property.  Defendant's conduct
constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS.

CODE §541.060(a)(7).

22.    Defendant LIBERTY INSURANCE failed to meet its obligations under the Texas

Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full

payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full

payment for their claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code,

Prompt Payment of Claims, TEX.INS.CODE §542, Subchapter B (including Sections 542.055,

542.056, 542.058).

23.    From and after the time Plaintiffs' claim was presented to Defendant LIBERTY

INSURANCE the liability of Defendant to pay the full claim in accordance with the terms of the

Policy was reasonably clear had an adequate investigation been made.  However, Defendant has

refused and continues to refuse to pay Plaintiffs in full, despite there being no basis whatsoever on

which a reasonable insurance company would have relied on to deny the full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.    Defendant LIBERTY INSURANCE knowingly or recklessly made false representations, as

described above, as to material facts and/or knowingly concealed all or part of material information

from Plaintiffs.

25.    As a result of Defendant LIBERTY INSURANCE and its employee adjusters' wrongful

acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law

firm who is representing them with respect to these causes of action.

26.    Plaintiffs' experience regarding their claim with Defendant LIBERTY INSURANCE is not

an isolated case.  The acts and omissions Defendant committed in this case, or similar acts and

omissions, occur with such frequency that they constitute a general business practice of Defendant

with regard to handling these types of claims.   Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

27.     Defendant LIBERTY INSURANCE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060.  All violations under this article are made actionable by TEX.INS.CODE §541.151.

28.     The unfair settlement practices of Defendant LIBERTY INSURANCE and its employee adjusters as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

29.     Defendant is liable to Plaintiffs for common law fraud.

30.     Each and every one of the representations, as described above, concern material facts and were relied upon by Plaintiffs to their detriment.  Defendant LIBERTY INSURANCE and its employee adjusters knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

31.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

32.     Defendant LIBERTY INSURANCE and its employee adjusters are liable to Plaintiffs for conspiracy to commit fraud.  Defendant LIBERTY INSURANCE and its employee adjusters were a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendant LIBERTY INSURANCE and its

employee adjusters committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

33.     Defendant LIBERTY INSURANCE is liable to Plaintiffs for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

34.     Defendant LIBERTY INSURANCE's conduct constitutes a breach of the insurance contract made between Defendant LIBERTY INSURANCE and Plaintiffs.

35.     Defendant LIBERTY INSURANCE's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant LIBERTY INSURANCE's insurance contract with Plaintiffs.

36.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

37.     Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38.     LIBERTY INSURANCE is vicariously liable for the actions of its contractor engineers, EFI Global, Inc.

39.     As previously mentioned, the damages caused by Hurricane Harvey rendered Plaintiffs' property substantially damaged.  Plaintiffs have attempted to mitigate their damages, but their damages have not been properly addressed or repaired since the storm due to LIBERTY INSURANCE's failure to pay for the repairs, causing undue hardship and burden to Plaintiffs.

These damages are a direct result of Defendant LIBERTY INSURANCE's mishandling of

Plaintiffs; claim in violation of the laws set forth above.

40.     For breach of contract, Plaintiffs is entitled to regain the benefit of her bargain, which is the

amount of their claim, together with attorney fees, penalties and interest.

41.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs

are entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the

acts complained of, Plaintiffs asks for three times their actual damages.

42.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are

entitled to the amount of their claim, as well as ten (10%) percent interest per annum of the amount

of such claim as damages, together with attorney's fees.

43.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to

compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such

as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed,

exemplary damages and damages for emotional distress.

44.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for

knowing fraudulent and malicious representations, along with attorney's fees, interest and court

costs.

45.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage

the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are

entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

## Jury Demand

46.     Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury

consisting of citizens residing in Orange County, Texas.  Plaintiffs previously tendered the

appropriate jury fee.

## REQUESTS FOR DISCLOSURE TO
## DEFENDANT LIBERTY INSURANCE CORPORATION

47     **Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant**

**LIBERTY INSURANCE CORPORATION disclose within fifty (50) days of the service of**

**this request the information or material described in Rule 194.2 (a) - (l).**

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant LIBERTY

INSURANCE CORPORATION be cited to appear and answer, and upon trial hereof, Plaintiffs

have and recovers such sums as would reasonably and justly compensate Plaintiffs in accordance

with the rules of law and procedure, both as to actual damages, treble damages under the Texas

Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiffs

request the award of attorney's fees for the trial and any appeal of this case, for all costs of court in

their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any

other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be

justly entitled.

Respectfully submitted,

SMITH LAW FIRM, PLLC

By_____

    John Cash Smith
    State Bar No. 18628000
    Christopher S. Smith
    State Bar No. 24002960
    1006 Green Avenue
    Orange, TX 77630
    (409) 886-7766
    FAX (409) 886-7790
    Johncash@smithlawfirmtx.com
    Chris@smithlawfirmtx.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument was forwarded via e-filing pursuant to the Texas Rules of Civil Procedure on this the 23rd day of April, 2019, to the following counsel of record:

    J. Mark Kressenberg
    Edward C. Kiss
    SHEEHY, WARE & PAPPAS, P.C.
    2500 Two Houston Center
    909 Fannin
    Houston, TX 77010

By_____

    John Cash Smith